IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL MONCKTON,            )
                             )
    Petitioner,              )
                             )
                             )    CIV-15-883-HE
v.                           )
                             )
JASON BRYANT, Warden,        )
                             )
    Respondent.              )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States District Judge Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is Respondent's "Motion to Dismiss Petition Attacking a State Conviction That is Not Final" (Doc. # 7) and Petitioner's "Motion to Dismiss Without Prejudice" (Doc. # 11).

Following a jury trial, Petitioner was convicted in the District Court of Cleveland County, Case No. CF-2011-547, of the offenses of Rape in the First Degree (count I) and Second Degree Rape by Instrumentation (count II), both after one prior felony conviction. For these convictions, Petitioner was sentenced to consecutive sentences of 22 years of imprisonment and 10 years of imprisonment, respectively. Petitioner appealed the

1

convictions, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences in a summary opinion entered January 9, 2014. Respondent's Motion, Ex. 1.

Petitioner then applied for post-conviction relief in the district court. On June 18, 2015, the district court entered an order denying in part and sustaining in part Petitioner's application for post-conviction relief. Respondent's Motion, Ex. 2. The trial court denied all of Petitioner's claims presented in his post-conviction application except that the court granted relief with respect to Petitioner's claim that he was denied effective assistance of appellate counsel based on appellate counsel's failure to assert in his appeal that he was entitled to and did not receive a pre-sentence investigation prior to sentencing.

As a result of this determination, the district court ordered that Petitioner be resentenced. On July 1, 2015, Petitioner was resentenced consistent with the jury's recommendation to consecutive sentences of 22 years of imprisonment on count I and 10 years of imprisonment on count II. Respondent's Motion, Ex. 4, On July 14, 2015, Petitioner, with new court-appointed counsel, filed a notice of intent to appeal the resentencing, and the appeal of the resentencing is pending before the OCCA. Respondent's Motion, Exs. 5, 6.

On August 14, 2015, Petitioner filed the instant action seeking a writ of habeas corpus concerning his convictions in Case No. CF-2011-547. In his Petition, Petitioner presents only one ground for relief. Petitioner contends, as he did in his direct appeal before the OCCA, that his rights under the Confrontation Clause were violated during his trial.

Petitioner indicates in the Petition, however, that he has other claims he intends to raise in this action following completion of pending state court proceedings. Petition, at 14-15 ("I currently still have other state issues that have not been ruled on, but I'm choosing to go ahead and file my most important claim now.").

In Respondent's Motion, Respondent asserts that federal habeas review is not available to Petitioner at this time because his state court criminal proceedings are ongoing. Respondent relies on the abstention doctrine established in Younger v. Harris, 401 U.S. 37 (1971). In Petitioner's Motion, Petitioner concedes that his appeal of the resentencing is pending before the OCCA. Petitioner seeks to dismiss this action without prejudice to refiling.

The Younger abstention doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir.

1989).

There is no dispute that there are ongoing state proceedings concerning the convictions and sentences being challenged by Petitioner in this habeas action. Further, those proceedings implicate important state interests, and, although he has previously exhausted remedies concerning the one claim presented in his Petition by raising it in his direct appeal, Petitioner has expressed the desire to amend the Petition to raise other federal claims currently pending in an appeal of his resentencing. Petitioner has an adequate forum to litigate those federal claims in the OCCA. Thus, the <u>Younger</u> conditions have been met.

Further, the Supreme Court has held that "a case on remand for resentencing [is] not final for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof [are] complete." <u>United States v. Carbajal-Moreno</u>, 332 Fed. App'x. 472, 475 (10th Cir. 2009)(unpublished op.)(explaining holding in <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007)).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's "Motion to Dismiss Petition Attacking a State Conviction That is Not Final" (Doc. # 7) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     September 21st, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___1st___ day of ___September___, 2015.

*signature*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE